IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES M. LYNN, | ) | |
| Plaintiff, | ) | Civil Action No. 03-846 |
| | ) | Judge Donetta W. Ambrose |
| vs. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| JOHN E. CHRISTNER, and | ) | |
| GEORGE T. MILKENT, | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

It is respectfully recommended that Defendants' Motion for Summary Judgment (doc. no. 51) be granted.

**II.**     **REPORT**

Plaintiff, Charles M. Lyon, commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Plaintiff is proceeding against the following two police officers for the Township of Rostraver: Lt. John E. Christner and Officer George T. Milkent. In his Complaint, Plaintiff alleges that Defendants violated his rights as protected by the Fourth and Fourteenth Amendments of the United States Constitution as a result of his arrest for criminal charges he ultimately was acquitted of.

On December 21, 2004, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (doc. no. 22). On August 4, 2005, this Court filed a Report and Recommendation recommending that Defendant's Motion be granted (doc. no. 32). On September 28, 2005, United States District Judge William L. Standish granted Defendants' Motion and adopted the Report and Recommendation as the Opinion of the Court (doc. no. 34). Plaintiff timely appealed

this decision to the Court of Appeals for the Third Circuit. On June 9, 2006, the Court of Appeals affirmed the Opinion of the District Court in all respects except one: the Circuit Court determined that summary judgment was not appropriate as to Plaintiff's conspiracy claims because Lynn had not had the opportunity to conduct any discovery as to the existence of an agreement to support his conspiracy claim. In so ruling, the Court of Appeals for the Third Circuit specifically held that "[i]f Lynn is unable to provide additional facts supporting his allegations in response to a motion for summary judgment after discovery has closed, the District Court then may fairly dispose of this claim." Court of Appeals Opinion, p. 9 (doc. no. 42-2, p.9).

After remand, this Court held several status conferences and set deadlines for discovery. After the close of discovery, on January 8, 2007, Defendants filed a Motion for Summary Judgement arguing that Plaintiff had failed to substantiate his conspiracy claim. Plaintiff conducted no depositions or submit any expert report to substantiate his claims. Moreover, Plaintiff did not even respond to Defendants' Summary Judgment Motion notwithstanding a court order to do so by March 27, 2007 (doc. no. 54). Consequently, for the reasons set forth below, this Court recommends that Plaintiff's conspiracy claims be dismissed.

In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). Plaintiff has concluded that Defendants and others conspired to violate his rights yet, he has failed to allege any facts showing an agreement or plan formulated and executed by the Defendants to achieve this conspiracy. Lynn cannot rely on unsupported claims of conspiracy. Without more substance to the averments which appear in the

complaint and without a factual showing which gives some substance to the conspiracy claim, the Plaintiff's conspiracy claim amounts to nothing more than mere conjecture and bare speculation. The law is clear that bare allegations of wrongdoing by a Defendant, without any substantiating proof of an unlawful agreement, are insufficient to sustain a conspiracy claim. Gometz v. Culwell, 850 F.2d 461, 464 (8th Cir. 1988) (citations omitted). Also, to survive a motion for summary judgment, the Plaintiff must establish that there is a genuine issue of material fact regarding the question of whether the Defendants entered into an illegal conspiracy which caused the Plaintiff to suffer a cognizable injury. Massachusetts School of Law at Andover v. American Bar Association, 107 F.3d 1026, 1039 (3d Cir.), *cert. denied*, 522 U.S. 907 (1997). In other words, to successfully counter the Defendants' motion for summary judgment, the Plaintiff must provide specific evidence establishing that the Defendants agreed among themselves to act against him either unlawfully or for an unlawful purpose. Vieux v. East Bay Regional Park Dist., 906 F.2d 1330, 1343 (9th Cir.), *cert. denied*, 498 U.S. 967 (1990).

Here, the Plaintiff has failed to introduce into this record any evidence which shows an agreement or plan formulated and executed by Defendants or anyone else which rises to the level of a conspiracy. At a minimum, absent some modicum of proof which tends to reveal the existence of an agreement which is designed to deny the constitutional rights of the Plaintiff, he cannot maintain his conspiracy claim. In sum, the Plaintiff's allegations, standing alone, are patently insufficient for a reasonable jury to return a verdict in Lynn's favor. *See* Schowengerdt v. United States, 944 F.2d 483 (9th Cir. 1991) (allegations in a complaint which are based on inference and speculation cannot defeat a motion for summary judgment on a conspiracy claim), *cert. denied*, 503 U.S. 951 (1992); D.R., a minor v. Middle Bucks Area Vocational School, 972 F.2d 1364 (3d

Cir. 1992) (the Plaintiffs failed to show that the Defendants engaged in a conspiracy to interfere with the Plaintiffs' civil rights); City of Omaha Betterment Association v. City of Omaha, 883 F.2d 650 (8th Cir. 1989) (evidence was insufficient to support a finding that an employer and a local union conspired to deny an employee a promotion because of her gender); Gometz v. Culwell, 850 F.2d at 464 (summary judgment should have been granted regarding against allegations of a conspiracy purportedly engaged in between prison officials because no credible evidence supported the conspiracy claim); Oatess v. Norris, 431 Pa. Super. 599, 637 A.2d 627 (1994) (an inmate's response to officers' motion for summary judgment in 1983 civil rights action alleging a conspiracy was not sufficient to establish the existence of a genuine issue of material fact).

Because the evidence which is included in the record is insufficient to raise a genuine issue of material fact, the Defendant's Motion for Summary Judgment should be granted.  *Accord* Schowengerdt v. United States, 944 F.2d 483 (9th Cir. 1991) (allegations in a complaint which are based on inference and speculation cannot defeat a motion for summary judgment on a conspiracy claim); D.R., a minor v. Middle Bucks Area Vocational School, 972 F.2d 1374 (3d Cir. 1992) (the Plaintiffs failed to show that the Defendants engaged in a conspiracy to interfere with the Plaintiffs' civil rights); City of Omaha Betterment Association v. City of Omaha, 883 F.2d 650 (8th Cir. 1989) (evidence was insufficient to support a finding that an employer and a local union conspired to deny an employee a promotion because of her gender); Gometz v. Culwell, 850 F.2d at 464 (summary judgment should have been granted regarding against allegations of a conspiracy purportedly engaged in between prison officials because no credible evidence supported the conspiracy claim).

### III. CONCLUSION

It is respectfully recommended that Defendants' Motion for Summary Judgment (doc.

4

no. 51) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

Dated:        July 10 , 2007

cc:         Donetta W. Ambrose
            United States District Judge, Chief

            Charles M. Lynn, pro se
            222 Mathews Road
            Belle Vernon, PA 15012

            Teresa O. Sirianni, Esquire
            Marshall, Dennehey, Warner, Coleman & Goggin
            2900 USX Tower
            600 Grant Street
            1Pittsburgh, PA 15219